```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

STEVEN N. KENDALL,               )
     Plaintiff,                  )
                                 )
     v.                          )  Civ. Action No. 18-10141-PBS
                                 )
DOCTOR MURRAY, et al.,           )
     Defendants.                 )
```

**ORDER**

April 5, 2018

SARIS, C.D.J.

On February 27, 2018 the defendants filed a Renewed Opposition to Plaintiff's Motion for Injunctive Relief in response to this Court's February 13, 2018 directive that it be filed under oath. See Docket No. 13.

On March 2, 2018, Plaintiff filed an Amended Complaint, albeit in two parts, in response to this Court's February 13, 2018 directive that he file an amended complaint. The Clerk will be directed to issue summons for service of the amended complaint (Docket Nos. 16, 17) on the Warden, Mrs. Couch and Mr. Tidwell.

Plaintiff subsequently filed a motion for appointment of counsel. See Docket No. 21. He also filed a one-page letter stating (1) that his legal mail is being opened; and (2) asking that the mailing envelopes from the Court specify "legal mail" or the judge's name as sender. See Docket No. 20. Plaintiff

also filed a letter concerning his efforts to exhaust his administrative remedies. See Docket No. 19. More recently he filed letters seeking the status of his case as well as reporting on a recent fall he had in the shower and new complications concerning his hematoma. See Docket Nos. 22 – 24.

Defendants filed a Response to Plaintiff's Letters and Supplemental Opposition to Motion for a Temporary Restraining Order. See Docket No. 25. Accompanying Defendants' Response is an affidavit by Dr. Yeh, albeit undated. Id. Apparently, Plaintiff was examined by Dr. Murray on March 26, 2018, and nothing suggested that any of Plaintiff's medical issues or concerns have worsened. Id. With respect to the stoma, Plaintiff has been moved to a single cell and continues to self-catheterize himself. Id. With regard to Plaintiff's request for a cane, the Response states that "[p]hysical therapy does not feel it is appropriate to issue Plaintiff a cane at this time" and that Plaintiff "was recently transitioned to a new prosthetic leg [and the staff is working to train him on this]." Id. It also states that "Plaintiff is non-compliant with use of his right knee brace when ambulating." Id.

Based on the foregoing, it is hereby Ordered that:

1. The Clerk shall issue summons for service of the Amended Complaint on defendants S. Spaulding, Couch and Tidwell.

2. The Plaintiff shall ensure that summonses and copies of the Amended Complaint are served on defendants Spaulding, Couch

2

and Tidwell in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because the Plaintiff is proceeding in forma pauperis, he may ask the United States Marshals Service to complete service, with all costs to be advanced by the United States. However, the Plaintiff is responsible for providing the United States Marshals Service with all documents for service, including an original and copy of the summons for each defendant, a copy of the Amended Complaint for each defendant, and a completed "Process Receipt and Return" form (USM-285) for each Defendant, in which the Plaintiff will indicate the address at which the Defendant is to be served. The Clerk shall provide the Plaintiff with the "Process Receipt and Return" form and a courtesy copy of the Amended Complaint (parts 1 and 2).

3. The Clerk shall indicate "legal mail" on any envelope that is mailed to Plaintiff at FMC Devens.

4. The motion (Docket No. 21) for appointment of counsel is conditionally granted. The Pro Bono Coordinators are directed to look for pro bono counsel to represent Plaintiff. If counsel has not been appointed within 60 days, the Pro Bono Coordinators shall update the Court on the status of the search for pro bono counsel for the Plaintiff. If the Pro Bono Coordinators are unable to find counsel for the Plaintiff, the Plaintiff will be required to represent himself.

5. The Clerk shall schedule a hearing on the motion for injunctive relief and arrange for Plaintiff to participate in such hearing via video conference.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE