# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN N. KENDALL, | |
| Plaintiff, | |
| v. | Civil Action No. 18-10141-PBS |
| BUREAU OF PRISONS; | **JURY TRIAL DEMANDED** |
| STEPHEN SPAULDING, In his official capacity as Warden at FMC Devens; | |
| A. FLETE, In his official capacity as Correctional Officer at FMC Devens; | |
| DAVID TAYLOR, In his official capacity as Special Investigative Agent at FMC Devens; | |
| WILLIAM TIDWELL, In his official capacity as Correctional Counselor at FMC Devens; and, | |
| United States of America, | |
| Defendants. | |

## THIRD AMENDED COMPLAINT[1]/

### I.     PRELIMINARY STATEMENT

Plaintiff Steven N. Kendall is a 64-year-old inmate at Federal Medical Center, Devens,

Massachusetts ("FMC Devens") who suffers from severe gastrointestinal issues that required removal

of his large intestine and placement of a Kock Pouch, which is a surgically created continent ileostomy

that replaced Mr. Kendall's lower intestines. Mr. Kendall also suffers from numerous physical

---

[1]/     Plaintiff files his Third Amended Complaint in accordance with the schedule that was endorsed by the Court. *See* Dkt. 121.

ailments including a left leg amputation, torn quadriceps tendon in his right leg, and severe arthritis in several joints.

Mr. Kendall has filed several grievances with FMC Devens personnel, and ultimately filed a civil suit in this Court against FMC Devens for its failure to adequately treat Mr. Kendall. When Mr. Kendall voiced his concerns over the lack of adequate medical care, the staff at FMC Devens responded by stripping his privileges, placing him in non-handicap quarters, and physically assaulting him. By this lawsuit, Mr. Kendall seeks declaratory relief and damages to remedy the Defendants' deprivation of his Constitutional and statutory rights.

## II.    PARTIES

1.      Plaintiff Steven N. Kendall is a prisoner incarcerated at FMC Devens. Mr. Kendall has extensive medical issues involving his gastrointestinal tract, which led to the replacement of his lower intestine with a Kock Pouch ("K-Pouch"). Mr. Kendall also suffers from ambulatory issues stemming from an amputated left leg, right knee replacement, and torn right quadriceps tendon.

2.      Defendant Bureau of Prisons ("BOP") is a federal law enforcement agency of the Executive Branch of the United States Government. The BOP is responsible for oversight and care of federal prisoners and was created pursuant to Title 18, United States Code, Section 4041, by the United States Attorney General. The United States of America is a party defendant pursuant to 28 U.S.C. §§ 1346 and 2671 *et seq.* in its own right, and as a substitute and representative of its agency the BOP, FMC Devens, and the identified individual defendants Spaulding, Flete, Taylor, and Tidwell, in as much as they are sued in their official capacities.

3.      Defendant Stephen Spaulding is and was at all times relevant to this action the Warden of FMC Devens. He is responsible for discipline related to employee misconduct; for the

supervision and oversight of all movement of prisoners, staff, and administration of the prison; for the maintenance of all inmate records, policies and procedures; and for scheduling inmates' medical appointments. His regular place of business is FMC Devens, 42 Patton Road, Devens, MA 01434. Defendant Spaulding, as Warden of FMC Devens, has ultimate oversight authority and responsibility over all persons working at FMC Devens and is ultimately responsible for all violations of Mr. Kendall's rights, whether constitutional or statutory.

4.      Defendant A. Flete is and was at all times relevant to this action a Correctional Officer at FMC Devens. Mr. Flete is directly responsible for supervising inmates; for enforcing the rules and regulations of the facility; for conducting regular searches for contraband and disciplining inmates; and for controlling movement in and out of prison units. His regular place of business is FMC Devens, 42 Patton Road, Devens, MA 01434.

5.      Defendant David Taylor is and was at all times relevant to this action the Special Investigative Agent at BOP. Mr. Taylor is directly responsible for conducting investigations of staff and inmate misconduct by maintaining evidence, conducting research, and preparing reports on incidents; for serving as the law enforcement liaison for the institution; and for maintaining administrative files on staff and inmates. His regular place of business is FMC Devens, 42 Patton Road, Devens, MA 01434.

6.      Defendant William Tidwell is and was at all times relevant to this action the Correctional Counselor at FMC Devens. Mr. Tidwell is directly responsible for providing counseling and guidance on institutional adjustments, personal difficulties, and future planning to unit inmates; for conducting group counseling sessions; for visiting and supervising inmate work assignments; and for being the point of contact for inmates' day-to-day problems. His regular place of business is FMC Devens, 42 Patton Road, Devens, MA 01434.

### III.  JURISDICTION AND VENUE

7.      This Court has jurisdiction of Plaintiffs' federal law claims, pursuant to 28 U.S.C. §§ 1331 and 1346(b).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

### IV.  FACTS

#### A.  Overview

9.      On January 24, 2018, Mr. Kendall filed an initial complaint in the United States District Court for the District of Massachusetts (the "Civil Litigation") against several named defendants employed at FMC Devens.  Additionally, Mr. Kendall has filed numerous BOP grievances against the staff at FMC Devens for various violations, including for failure to provide adequate medical care, failure to accommodate his disabilities, and for various acts of retaliation by FMC Devens personnel.  Upon information and belief, as a result, animosity brewed between FMC Devens personnel and Mr. Kendall.

#### B.  The Assault On May 23, 2018

10.     On May 23, 2018, a videoconference hearing was scheduled before Judge Saris regarding Mr. Kendall's initial motion for injunctive relief in the Civil Litigation.  On the morning of May 23, Mr. Kendall was in his cell preparing for the videoconference hearing.

11.     Upon information and belief, Defendant Flete entered Mr. Kendall's cell to escort him to the videoconference room.  Mr. Kendall was laying out his paperwork to bring to the hearing and asked for an additional moment to collect his papers.  Upon information and belief, Defendant Flete pushed the papers to the ground.  Mr. Kendall then stated to Defendant Flete that he would file a grievance against him.  Upon information and belief, in response, Defendant Flete struck Mr. Kendall across the face with his hand, causing Mr. Kendall's already sunburnt skin to break, bleed, and release puss.

12.     Shortly thereafter, Mr. Kendall testified via videoconference before this Court and testified that he was struck by a guard while preparing for his testimony.  Judge Saris took note of Mr. Kendall's assault allegations and observed that Mr. Kendall appeared to have a bruise on his face.

**C.     Defendants Subsequently Place Mr. Kendall in the SHU**

13.     Upon information and belief, immediately after the hearing, Defendant Taylor, a special investigative agent, interrogated Mr. Kendall in an attempt to force Mr. Kendall to recant his testimony regarding the assault committed by Defendant Flete.  Mr. Kendall refused to do so.  Defendant Taylor placed Mr. Kendall in the Special Housing Unit (the "SHU") and threatened to keep him there until Mr. Kendall recanted his allegations.

14.     Defendants claimed they placed Mr. Kendall in the SHU for his own safety and as required by protocol when an FMC personnel assaults an inmate.  However, Mr. Kendall did not fear for his life and informed Lieutenant Greer, another special investigative agent.  Lieutenant Greer informed Mr. Kendall that there was no need for Defendants to have placed Mr. Kendall in the SHU when Mr. Kendall did not fear for his life.  Upon information and belief, FMC Devens medical staff took a photo of Mr. Kendall's face immediately after he returned from the videoconference before Judge Saris.

15.     The SHU is not handicapped accessible and lacked adequate facilities for Mr. Kendall to maintain his K-Pouch.  As a result, while in the SHU and without the assistance of his cane, Mr. Kendall fell multiple times.  Upon information and belief, one such fall resulted in a broken right elbow and olecranon bursitis, which is an inflammation behind the elbow.  Upon information and belief, Mr. Kendall unsuccessfully sought treatment for his injured elbow.  P.A. Cooke, a physical therapist at FMC Devens, examined Mr. Kendall and identified that he had a

broken elbow and ordered that Mr. Kendall obtain an x-ray examination. However, upon information and belief, when FMC Devens personnel came to retrieve Mr. Kendall for the x-ray examination, they required him to place his hands through the cell door to place handcuffs on him. Due to the broken elbow and severe pain, he was unable to extend his arms. Upon information and belief, instead of assisting Mr. Kendall, who was clearly injured, FMC Devens personnel recorded on file that Mr. Kendall denied treatment.

16.     Ultimately, Mr. Kendall was placed in the SHU for over a month from May 23, 2018 until June 29, 2018, the day counsel for Mr. Kendall alerted this Court of Defendants' unlawful confinement.

## COUNT I
## VIOLATION OF FIRST AMENDMENT RIGHTS: GRIEVANCE RETALIATION
### (Against All Defendants)

17.     Mr. Kendall repeats the allegations set forth in all previous paragraphs.

18.     Mr. Kendall filed a complaint with, and requested a hearing from, the United States District Court for the District of Massachusetts in order to seek relief from Defendants violations of Mr. Kendall's federal constitutional and statutory rights. After stating that he would file a grievance against Defendant Flete for shoving his papers to the floor, Defendant Flete retaliated against Mr. Kendall and backhanded Mr. Kendall across the face. This retaliation unlawfully deprives Mr. Kendall of the rights to freedom of speech and freedom to "petition the Government for a redress of grievances," as guaranteed by the First Amendment.

19.     When Mr. Kendall refused to recant his testimony about the assault, Defendants further retaliated against Mr. Kendall by confining him to the SHU. This unlawfully deprived Mr. Kendall of the rights to freedom of speech and freedom to "petition the Government for a redress of grievances," as guaranteed by the First Amendment.

## COUNT II
## VIOLATION OF THE FEDERAL TORT CLAIM ACT
(Against the Bureau of Prisons and the United States of America)

20.     Mr. Kendall repeats the allegations set forth in all previous paragraphs.

21.     Defendant Flete, while acting within the scope of his employment as a Correctional Officer at FMC Devens, acted with the intent to cause a harmful or offensive contact with Mr. Kendall when he struck Mr. Kendall across the face without Mr. Kendall's consent.

22.     Mr. Kendall was harmed by Defendant Flete's actions.

23.     Defendants Spaulding, Taylor, and Tidwell, while acting within the scope of their office or employment, owed Mr. Kendall a duty to exercise the care which can be reasonably expected from similarly situated professionals.

24.     They breached their duty by failing to provide Mr. Kendall with the appropriate medical device(s) to help him safely ambulate while he was placed in the SHU, a non-handicapped cell.

25.     Mr. Kendall suffered injuries, which he otherwise would not have sustained, as a direct result of Defendants Spaulding, Taylor, and Tidwell's negligence, wrongful acts, or omissions.

26.     The injuries he sustained were reasonably foreseeable to Defendants.

27.     The United States, as a substitute and representative of its agency Defendant BOP, FMC Devens, and the identified individual defendants Spaulding, Flete, Taylor, and Tidwell, is liable to Mr. Kendall for the damages caused to him as a result of the wrongful act of its law enforcement officer, namely Defendant Flete, and the negligent acts of its employees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1) Grant judgment in Mr. Kendall's favor on all counts of the complaint;

2) Declare that Defendants have violated Mr. Kendall's rights under the constitution and federal laws described herein;

3) Award Mr. Kendall damages, reasonable attorney's fees, costs, and interest, as allowed by law; and

4) Grant Mr. Kendall such other relief as the Court deems just.

**JURY DEMAND**

Mr. Kendall demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  December 21, 2018                Respectfully submitted,

**STEVEN N. KENDALL**

By his attorneys,

*/s/ Susan M. Finegan*
Susan M. Finegan, BBO # 559156
Matthew C. Hurley, BBO # 643638
Julia M. Ong, BBO # 685014
Daniel B. Weinger, BBO # 681770
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
SMFinegan@mintz.com
MCHurley@mintz.com
JMOng@mintz.com
DBWeinger@mintz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on December 21, 2018.

*/s/ Susan M. Finegan*

83436704v.1