# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN N. KENDALL, <br><br> Plaintiff, <br><br> v. <br><br> BUREAU OF PRISONS; <br><br> STEPHEN SPAULDING, in his official capacity as Warden at FMC Devens; <br><br> A. FLETE, in his official capacity as Correctional Officer at FMC Devens; <br><br> DAVID TAYLOR, in his official capacity as Special Investigative Agent at FMC Devens; <br><br> WILLIAM TIDWELL, in his official capacity as Correctional Counselor at FMC Devens; and <br><br> UNITED STATES OF AMERICA, <br><br> Defendants. | Civil Action No. 18-10141-PBS |

## **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants Stephen Spaulding, in his official capacity as Warden at FMC Devens, A. Flete, in his official capacity as Correctional Officer at FMC Devens, David Taylor, in his official capacity as Special Investigative Agent at FMC Devens, William Tidwell, in his official capacity as Correctional Counselor at FMC Devens, and United States of America ("Defendants"), by their attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, oppose Plaintiff Steven Kendall's ("Kendall") Motion for Reconsideration pursuant to this Court's Order (ECF No. 159) and Local Rule 7.1(b)(2).

## BACKGROUND

On June 19, 2019, Defendants filed a motion to dismiss Plaintiff's Fourth Amended Complaint. (ECF Nos. 151, 152). Kendall did not file an opposition to the motion. As a result, on July 24, 2019, more than one month after the Defendants' motion was filed, this Court granted Defendants' Motion to Dismiss as unopposed. (ECF No. 153).

On July 30, 2019, Kendall wrote a letter to this Court claiming that he did not understand why his motion was dismissed. (ECF No. 154). In response, this Court issued an order informing Kendall that his Complaint was dismissed because he failed to oppose Defendants' Motion to Dismiss. (ECF No. 155). On August 8, 2019, Kendall wrote a second letter to this Court again disputing his failure to oppose, and including other health information. (ECF No. 156). This Court responded once again to Kendall, informing him that he failed to explain why he did not oppose the Defendants' motion. (ECF No. 157). In response, Kendall filed another letter, docketed as a Motion for Reconsideration, claiming he was not served with Defendants' Motion to Dismiss. (ECF No. 158). On September 3, 2019, this Court ordered Defendants' to respond to Kendall's allegations regarding service (ECF No. 159).

## ARGUMENT

Kendall's motion must be denied. First, Kendall fails to articulate circumstances that warrant the extraordinary relief he seeks. Second, even if this Court were to consider Kendall's motion on its merits, contrary to Kendall's claims, he was in fact served with Defendants' motion, and his allegation that he was not served lacks candor.

**I.  Kendall's Motion Does Not Warrant The Extraordinary Relief He Seeks**

Under Fed. R. Civ. P. 59(e), Kendall must clearly establish "a manifest error of law or must present newly discovered evidence." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2

(1st Cir. 2005) (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Indeed, a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-15 (1st Cir. 2006) (quoting *Emmanuel v. Int'l Bhd. Of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)). Furthermore, "[r]elief under Rule 60(b) is extraordinary in nature, and motions invoking that rule should be granted sparingly." *Giroux v. Federal Nat. Mortg. Ass'n,* 810 F.3d 103, 106 (1st Cir. 2016) (quoting *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir. 2002)). Kendall's Motion for Reconsideration fails under both standards.

Kendall failed to file an opposition to Defendants' motion to dismiss. Even holding Kendall to a less stringent standard because of his *pro se* status, it does not excuse his failure to file any opposition whatsoever to Defendants' motion. *Sause v. Bauer*, 138 S.Ct. 2561, 2563 (2018) (interpreting *pro se* complaint liberally in considering a motion to dismiss); *Mayfields v. Fair Isaac Corp.,* 2015 WL 566444, at *2 (D. Rhode Island February 10, 2015) (granting unopposed motions for judgment of *pro se* complaint).

In seeking relief from this Court, Kendall does not claim that this Court committed an error or law, nor does he present newly discovered evidence in support of his motion. He does not present any ground for relief under Rule 60(b). Kendall does not claim mistake, inadvertence or excusable neglect, he does not claim that he was unaware he was required to file an opposition to Defendants' motion, nor has he ever sought extra time to respond to the motion. Instead, Kendall simply (and falsely, as set forth below) asserts that Defendants failed to serve him with their Motion to Dismiss. As such, Kendall's motion for reconsideration must be denied.

**II.     Contrary To His Claims, Kendall Was Served With Defendants' Motion**

Pursuant to this Court's Order, Defendants respond to Kendall's allegations that he was not served with Defendants' Motion to Dismiss his Fourth Amended Complaint. (ECF No. 159). Kendall's claims are patently false.

On June 19, 2019, Defendants' electronically filed their Motion to Dismiss, and memorandum of law in support of their motion, using the Court's Case Management/Electronic Case Files ("CM/ECF") system. ECF Nos. 151, 152. Kendall was, in fact, served with Defendants' motion. *See* Notice of Electronic Filing, attached hereto. As evidenced by Kendall's several letters to this Court responding to various Court orders, and as Kendall himself admits and represents in these letters, Kendall receives electronic notices from the Court generated through the CM/ECF system. *See* ECF No. 154 ("I don't understand why you dismissed my fourth amended complaint"); ECF No. 156 (discussing court orders Kendall received); ECF No. 158 (same). Now, in an effort to excuse his failure to respond to Defendants' motion, Kendall claims he was not served, and asks this Court to believe that, fortuitously, Defendants' motion is apparently the only electronic notice he failed to receive.

Kendall was served with Defendants' motion to dismiss. His motion for reconsideration must be denied.

## CONCLUSION

For the reasons herein, Defendants' respectfully request this Court deny Kendall's Motion for Reconsideration.

                          Respectfully submitted,

                          ANDREW E. LELLING
                          United States Attorney


                By:   */s/ Eve A. Piemonte*
                      Eve A. Piemonte (BBO #628883)
                      Assistant United States Attorney
                      United States Attorney's Office
                      John J. Moakley U.S. Courthouse
                      1 Courthouse Way, Suite 9200
                      Boston, MA  02210
                      (617) 748-3369
Dated: September 4, 2019    Eve.Piemonte@usdoj.gov


## CERTIFICATE OF SERVICE

    I, Eve A. Piemonte, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                          */s/ Eve A. Piemonte*
                          Eve A. Piemonte
Dated: September 4, 2019    Assistant United States Attorney